IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| LUCINDA S. RUH,<br><br>    Plaintiff,<br>v.<br><br>METAL RECYCLING SERVICES, LLC, and NUCOR CORPORATION,<br><br>    Defendants. | C/A. No. 0:19-cv-03229-CMC<br><br>**Opinion and Order<br>on Motions to Dismiss<br>(ECF Nos. 11, 13)** |

    Through this action, Plaintiff Lucinda S. Ruh ("Ruh") seeks recovery for injuries she sustained when a truck owned by Norris Trucking1, LLC ("Trucking Company") and operated by Cecil Norris ("Driver") struck the vehicle Ruh was driving. ECF No. 1-1 ¶¶ 19-21. Ruh alleges Driver's negligence was the immediate cause of the accident. *Id.* ¶ 21. She seeks to impose liability on Defendants Metal Recycling Services, LLC ("MRS") and Nucor Corporation ("Nucor") (collectively "Defendants") based on allegations that, at the time of the accident, Trucking Company was "transporting goods or property in interstate commerce under a contract of carriage, bill of lading, transportation services agreement or other contract, having been hired by Defendants MRS and/or Nucor to transport scrap metal from [MRS's] Gastonia, North Carolina facility to Nucor['s facility] in Darlington, South Carolina." *Id.* ¶ 19.[1]

    Ruh alleges Defendants knew or should have known of Trucking Company's "long history of violating [federal regulations] designed to promote safe driving and reduce or prevent wrecks" and that it "was an unfit and unsafe motor carrier." *Id.* ¶ 23; *see also id.* ¶¶ 24-27 (describing

---

[1] Issues of Trucking Company and Driver's liability are addressed in a separate, state-court action. *See* ECF No. 20-1 (state court Complaint filed as exhibit to MRS's reply).

information regarding Trucking Company's record that was allegedly available to Defendants); *id.* ¶ 29 (alleging Defendants "knew or should have known that said carrier posed a risk of harm to others and was otherwise incompetent and unfit to perform the duties of an interstate carrier, or intentionally chose not to know."). Thus, Ruh's claims against MRS and Nucor depend on a theory one or both are negligent for failing to exercise care in contracting with Trucking Company to ship goods.

The matter is before the court on Defendants' separate motions to dismiss. ECF Nos. 11, 13; *see also* ECF No. 17 (Plaintiff's response); ECF Nos. 19, 20 (Defendants' replies). For reasons set forth below, the matter is dismissed with entry of judgment delayed to allow Ruh an opportunity to move to amend her complaint.

## STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claims that entitles her to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be

suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302).

Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's factual allegations, not its legal conclusions); *see also McCleary-Evans v. Maryland Dept. of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015) (noting "*Iqbal* and *Twombly* articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery." (emphasis and alteration in original, internal quotation marks omitted)); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition plaintiff need not forecast evidence sufficient to prove the elements of a claim, but must allege sufficient facts to establish those elements).

## DISCUSSION

I. **AVAILABILITY OF LEGAL THEORY ON WHICH CLAIM DEPENDS**

A. **Arguments**

**Defendants' opening arguments.** Both Defendants argue Ruh's single claim fails because she has not alleged facts supporting an inference of an employer-employee, master-

servant, or agency-agent relationship between either Defendant and the Trucking Company or Driver. ECF Nos. 11, 11-1 at 5-7, 13 at 5-8. Defendants assert such a failure is fatal to Ruh's claims because a contracting party cannot be held liable for the actions of an independent contractor. ECF No. 11-1 at 7 (citing *Cook v. United States*, C.A. No. 0:14-cv-2660-RMG-PJG (D.S.C. Nov. 16, 2015) (dismissing Federal Tort Claims Act claim where allegations did not suggest government controlled "the physical conduct or day-to-day activities of the independent contractor" whose actions were at issue); ECF No. 13 at 8 (concluding "South Carolina courts do not recognize a cause of action for negligent hiring or retention against a shipper utilizing an independent motor carrier.").

MRS also challenges Plaintiff's factual premise that the publicly available information would have placed Defendants on notice Trucking Company was an unsafe carrier. *See* ECF No. 13 at 7 (explaining Trucking Company maintained a conditional safety rating and federal law provides readers of the data compiled under that law "should not draw conclusions about a carrier's overall safety condition simply based on the data displayed in this system" and "[u]nless a motor carrier has received an UNSATISFACTORY safety rating . . . . it is authorized to operate on the Nation's roadways."). Nucor advances a separate argument that it cannot be held liable, even if Plaintiff's legal theory is accepted, because it was not the entity that contracted with Trucking Company.

**Ruh's response.** In response, Ruh maintains she has properly stated her claim in the alternative: either based on an employment relationship between Defendants and Trucking Company (and Driver) or based on Defendants' hiring of "incompetent and unfit contractors." ECF No. 17 at 3, 4. She relies on cases holding an employer may be liable for its own negligence

4

in hiring, supervising, training, or entrusting an employee with tools that create an unreasonable risk of harm as well as South Carolina's recognition of "several exceptions to the general rule that [a contracting party] is not liable for the negligent acts of its independent contractors." *Id.*

Citing Restatement (Second) of Torts § 411 (1965), which she acknowledges South Carolina has not expressly adopted, Ruh argues an exception to the general rule of nonliability for an independent contractor's work exists where the contracting party (1) "fail[s] to exercise reasonable care to employ a competent and careful contractor" and (2) "the work involves a risk of physical harm unless it is skillfully and carefully done." *Id.* at 4. Ruh relies on several older cases as suggesting South Carolina would adopt this rule. *Id.* at 5. For example, she relies on *Conlin v. City Council of Charleston*, 15 Rich. 201 (S.C. Ct. App. 1868), in which the court stated "under suitable allegations the owner might be made responsible for the misconduct of a contractor *known to be unworthy of trust.*" *Conlin*, 15 Rich at 211-12 (emphasis added). Ruh also relies on *Caldwell v. Carroll*, 137 S.E. 444 (S.C. 1927), in which the court stated a contracting party is not liable for "wrongful or negligent manner [of performing job] by a contractor or his servants" if "*due diligence has been exercised in selecting a competent contractor*, and the thing contracted to be done is not in itself a nuisance, nor will necessarily result in a nuisance if proper precautionary measures are used" *Caldwell*, 137 S.E. at 451 (emphasis added). Ruh responds to Nucor's separate argument that it cannot be liable even under this theory because it did not contract with Trucking Company by arguing she is entitled to discovery on Nucor's role prior to any ruling..

Ruh also relies on the Federal Motor Carrier Safety Regulations ("FMCSR") to support imposition of a duty. ECF No. 17 at 7. Most critically, she relies on the FMCSR's definition of "employee" to include persons a motor carrier characterizes as an independent contractor. *Id.* She

5

explains that "'[o]ne purpose of the FMCSRs is to protect members of the public from motor carriers' attempts to escape liability for the negligence of drivers by claiming their drivers were independent contractors.'" *Id.* (quoting *Perry v. Harco Nat'ls Ins. Co.*, 129 F.3d 1072, 1074 (9th Cir. 1997)).

Even if Trucking Company and Driver are held to be independent contractors, Ruh argues Defendants may be held liable under the nondelegable duty exception to the general rule of nonliability. ECF No. 17 at 8, 9 (citing *Simmons v. Tuomey Reg. Med. Ctr.*, 533 S.E.2d 312 (S.C. 2000) (holding hospital has nondelegable duty relating to emergency services, allowing imposition of liability for acts of independent-contractor, emergency room physicians). Ruh argues at least MRS owed a nondelegable duty under the FMCSR because MRS is a registered motor carrier as defined in those regulations.

**Defendants' replies.** In reply, Defendants argue the cases cited by Ruh do not support an exception to the general rule of nonliability for actions of an independent contractor that might be applicable under the facts alleged. ECF Nos. 19, 20. Most critically, they argue Ruh's allegations do not suggest circumstances under which South Carolina has imposed a nondelegable duty. Thus, even if the Complaint is construed to allege a claim based on hiring of an independent contractor, the claim fails.

B.   Discussion

**The Complaint Does Not Allege an Employment or Similar Relationship.** The court first disposes of Ruh's assertion she "has sufficiently plead an employment relationship" between Defendants and Trucking Company or Driver. ECF No. 17 at 4. The Complaint alleges "Defendants individually or jointly, *acted to arrange for transportation of property . . . using as a*

*motor carrier*" Trucking Company. ECF No. 1-1 ¶ 8 (emphasis added). It describes Trucking Company as "an unsafe, unfit, and incompetent motor carrier." *Id.* ¶ 9. It further alleges, on the day of the accident, Trucking Company "was transporting goods or property . . . *under a contract of carriage, bill of lading, transportation services agreement or other contract*, having been hired by Defendant MRS and/or Nucor[.]" *Id.* ¶ 28 (emphasis added).

Nothing in these or any other allegations supports an inference either or both Defendants were in an employment, master-servant, or agency relationship with either Trucking Company or Driver.[2] To the contrary, Ruh's characterization of the relationship raises only an inference of a non-employment, contractual relationship between shipper and motor carrier for transportation services. Thus, the Complaint supports only an inference Trucking Company and Driver were independent contractors of one or both Defendants.

**FMSCR Definitions.** Ruh's reliance on the FMCSR's definition of employee does not support a different result. For purposes of this argument, the court accepts as true the allegations MRS is licensed as a motor carrier and, as such, is subject to the FMCSR. Ruh's argument fails despite these premises because her allegations do not support an inference MRS was *acting as a motor carrier with respect to the transportation at issue*. To the contrary, Ruh's allegations suggest MRS acted as a shipper (also a defined term under the FMCSR), in its dealings with Trucking Company. *See generally Harris v. FedEx Nat. LTL*, 760 F.3d 780 (8th Cir. 2014) (rejecting reliance on FMCSR to impose nondelegable duty on FedEx for accident involving

---

[2] No allegations suggest a direct relationship between Defendants and Truck Driver.

FedEx's independent contractor because, despite being a motor carrier, "FedEx was acting as a shipper in this transaction" so owed no duties "nondelegable or otherwise" to require driver to follow FMCSR).

In sum, Plaintiff has not alleged facts supporting an inference either MRS or Nucor is the employer, master, or principal of Trucking Company or Driver. Ruh's claims, therefore, fail to state a claim for negligent hiring, supervision, or retention to the extent such a claim depends on an employment or comparable relationship. *See Bank of New York v. Sumter County*, 691 S.E.2d 473, 478 (S.C. 2010) (holding determination alleged bad actor was not defendant's employee defeated negligent supervision claim); *see also Hawke v. Discovery Commun. LLC*, 2017 WL 2964127 (D. Md. 2017) (holding claim for negligent hiring and supervision failed because, under South Carolina law, such a claim "presupposes an employer-employee or agency-agent relationship" and is inapplicable to an independent contractor or its employee); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 861 (D.S.C. 2015) (granting motion to dismiss negligent supervision or retention claim against certain defendants because plaintiff had "not alleged facts creating a plausible inference [those defendants] qualify as employers").

**Liability for Actions of Independent Contractor.** That the Complaint does not allege an employment or similar relationship does not dispose of Ruh's negligence claim because the Complaint may be construed to allege liability based on Trucking Company and Driver's status as independent contractors of Defendants. The question becomes whether the allegations suggest facts falling within an exception to the general rule that a contracting party "is not liable for the torts of an independent contractor committed in the performance of contracted work." *Duane v. Presley Const. Col, Inc.*, 244 S.E.2d 509 (S.C. 1978); *see also Conlin,* 15 Rich. at 211 (stating that

8

while "[a] master is liable for the negligence of his servant[,]" he "should not be answerable for acts done by the servant of another, or by that other who is not subject to his control").

South Carolina courts have recognized some exceptions to the general rule in a variety of circumstances. *See generally*; *Allison v. Ideal Laundry & Cleaners*, 55 S.E.2d 281, 284 (S.C. 1949) (acknowledging there are exceptions to general rule contracting party is not liable for acts of an independent contractor, though the exceptions are "difficult of application to varying conditions and circumstances and virtually every case has to be considered on its own peculiar facts"). For example, the contracting party may be held "responsible . . . if the injury is caused by *his own negligence* in failing to take preventative measures" relating to the independent contractor's work. *Duane*, 244 S.E.2d at 683-84 (emphasis added).[3] Likewise, "[i]f the work involves the creation of a nuisance," both the owner and the independent contractor may liable for resulting injuries. *Conlin*, 15 Rich. at 211-12.

As explained in *Allison*, a contracting party may be liable "where injury results and the *means or manner of the activity of the owner*, whether done by independent contractor or not, *may be inherently or intrinsically dangerous* to others." 55 S.E.2d at 282 (emphasis added).[4] However,

---

[3] In *Duane*, plaintiff sought to impose liability on a developer for damages caused by runoff from a construction site. The developer argued it was not responsible because the work that caused the runoff was done by an independent contractor. The court held the developer could be held liable "if washing of silt into [plaintiff's] pond was foreseeable" *and* the developer ordered "the improvements without taking proper precautions." *Id.* at 684.

[4] In *Conlin*, the court held a property owner who hires an independent contractor to perform work may be liable for the the independent contractor's negligence if the work "involves the creation of a nuisance." 15 Rich. at 211. The particular "nuisance" at issue was leaving a trap door open during an overnight work break. The court also noted the circumstances might have imposed an

9

liability for such activity "depends upon [the owner/contracting party's] antecedent knowledge of the *danger inherent in the work* or a finding that the average, reasonably prudent man or corporation should, in the exercise of due diligence, have known . . . of the *dangerous nature of the work*." *Id.* at 282-83 (explaining term "nuisance" used in *Conlin* "was used to connote a condition of danger to others" that was temporary, "pending completion of the work") (emphasis added).[5]

Here, there are no allegations the nature of the contracted work presents an inherent danger or imposes a duty on the contracting party to take separate precautionary measures. To the contrary, the contracted work is transportation of nonhazardous goods, which Ruh's own allegations suggest could be safely done without any extraordinary precautions or protections. Thus, the exceptions to the general rule discussed in or suggested by *Allison* and *Conlin* do not apply here.

Rather than relying on a claim of inherent danger or failure to take precautionary measures based on the nature of the contracted work, Ruh argues MRS and Nucor owed the public an

---

independent duty on the property owner either to correct or warn of the dangerous condition. *Id.* at 212. Ultimately, the court ordered a new trial "with leave for the plaintiff to amend" to assert several alternative theories of liability. *Id.* at 212.

[5] Ultimately, *Allison* held that while the laundry owner admitted he knew a gas tank could be dangerous unless properly installed, this was insufficient to impose liability based on the independent contractor's negligent installation of the tank and resulting explosion. In reaching this conclusion, the court noted there had been no similar occurrences before the incident and much of the evidence of the risks posed by improper installation was only developed after the incident. *Id.* at 285 (concluding "[a] standard of due care cannot be fairly fixed by the contemplation of facts generally unknown at the time of the test").

independent duty to ensure the trucking company they hired had a safe driving record (or no regulartory violations suggesting safety concerns). *E.g.* ECF No. 1-1 ¶ 28. In support of this proposition, Ruh relies on the following language in *Conlin*: "under suitable allegations the owner might be made responsible for the misconduct or negligence of a contractor *known to be unworthy of trust* to whom a work involving danger to others [is] entrusted." 15 Rich. at 211-12 (emphasis added). This language is dicta as no issue of trustworthiness was presented in *Conlin*. It was, moreover, stated in the context of the property owner's duties when contracting for work posing a particular risk of harm. Thus, in context, the language from *Conlin* on which Ruh relies does not support holding a contracting party liable for the actions of its independent contractor based on the contracting party's failure to ensure the independent contractor's trustworthiness (or favorable regulatory or safety record). It is also notable that Ruh cites and the court has found no more recent decision applying such a rule despite the passage of over 150 years since *Conlin* was decided.

Rather than relying on the broad rule Ruh would draw from *Conlin*, more recent South Carolina decisions characterize the exception(s) to the general rule that a contracting party is not liable for actions of an independent contractor as founded on a theory of nondelegable duty. For example, in *Rock Hill Telephone Co., Inc. v. Globe Communications, Inc.*, 611 S.E.2d 235 (S.C. 2005), the South Carolina Supreme Court summarized the rule and prior case law as follows:

> The general rule is that an employer is not vicariously liable for the negligent acts of an independent contractor. . . . An *exception to the general rule is that a person who delegates to an independent contractor an absolute duty owed to another person remains liable for the negligence of the independent contractor* just as if the independent contractor were an employee. . . . This Court has recently described the exception-the nondelegable duty doctrine-and its legal consequences, in the following way: a person may delegate a duty to an independent contractor, but if

11

the independent contractor breaches that duty by acting negligently or improperly, the delegating person remains liable for that breach. It actually is the liability, not the duty, that is not delegable. The party which owes the nondelegable duty is vicariously liable for negligent acts of the independent contractor.

Moreover, this Court has identified several situations in which the nondelegable duty doctrine applies:

[1] An employer has a nondelegable duty to employees to provide a reasonably safe work place and suitable tools, and remains vicariously liable for injuries caused by unsafe activities or tools under the employer's control.
[2] A landlord who undertakes repair of his property by use of a contractor has a nondelegable duty to see that the repair is done properly.
[3] A common carrier has a nondelegable duty to ensure that cargo is properly loaded and secured, and remains vicariously liable for injuries caused by an unsecured load.
[4] A bail bondsman has a nondelegable duty to supervise the work of his employees, and remains vicariously liable for injuries caused by those employees.
[5] A municipality has a nondelegable duty to provide safe streets even when maintenance is undertaken by the state Highway Department, and remains vicariously liable for injuries caused by defective repairs.

*Id.* at 238 (internal quotation marks, indentations, and citations omitted) (also citing *Simmons* as recognizing hospitals owe a nondelegable duty for services provided by emergency room physicians).

The circumstances here do not fall within and are not similar to any of the circumstances listed above in which South Carolina courts have found a nondelegable duty supported imposition of liability on a contracting party for the actions of its independent contractor. Instead, the limited circumstances in which a nondelegable duty has been imposed suggest the typical relationship between a shipper of goods and the public would not support imposition of such a duty, at least

where the goods themselves do not present any special risk.[6] Ruh points to no authority and the court has found none suggesting otherwise. The broad application of Ruh's proposed exception also disfavors adoption as the exception (imposing liability for failing to check safety record of independent contractor) could easily swallow the general rule of nonliability.

For reasons explained above, Ruh cannot recover from either MRS or Nucor based on a theory of negligent hiring or retention under her current allegations. The Complaint is, therefore, dismissed.

**II.     SUFFICIENCY OF ALLEGATIONS AS TO NUCOR**

**Nucor's Argument.** Defendant Nucor also argues it is entitled to dismissal because the bill of lading, which Ruh references in her Complaint, was issued by MRS and references Nucor only as the destination. In response, Ruh argues (1) the court should not consider documents beyond the pleadings and (2) the matter should not be resolved on motion to dismiss because discovery is necessary to "determine Nucor's role in the hiring or select[ion] of" Trucking Company.

While the bill of lading may properly be considered because it is referenced in the Complaint and there is no dispute as to its authenticity, it is not necessarily dispositive of whether Nucor played a role in selecting or hiring Trucking Company. Under these circumstances, the court does not find the bill of lading sufficient to support dismissal.

---

[6] For reasons explained in *Harris*, that MRS is also a motor carrier does not support imposition of a nondelegable duty on MRS where MRS acts as shipper, not carrier.

## III. LEAVE TO SEEK AMENDMENT

In her concluding argument, Ruh asks that any dismissal be without prejudice so that she may file an Amended Complaint. Ruh has not, however, identified any additional factual allegations or legal theories that might cure the deficiencies in her claims against MRS and Nucor. The court, nonetheless, will allow Ruh a period of ten days from entry of this order to move for leave to file an Amended Complaint. Any such motion shall be accompanied by a Proposed Amended Complaint. If Ruh does not so move within the allowed period, or if such a motion is denied, the court will enter judgment dismissing the action with prejudice.

## CONCLUSION

For reasons explained above, Defendants' motions to dismiss are granted. Entry of judgment will be delayed to afford Ruh a ten-day period in which to move for leave to file an Amended Complaint.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 30, 2020