IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| LUCINDA S. RUH,<br><br>    Plaintiff,<br>v.<br><br>METAL RECYCLING SERVICES, LLC, and NUCOR CORPORATION,<br><br>    Defendants. | C/A. No. 0:19-cv-03229-CMC<br><br>**Opinion and Order<br>on Motion to Amend<br>(ECF No. 34)** |

    Through this action, Plaintiff Lucinda S. Ruh ("Ruh") seeks recovery for injuries she sustained when a truck owned by Norris Trucking1, LLC ("Trucking Company") and operated by Cecil Norris ("Driver") struck the vehicle Ruh was driving. ECF No. 1-1 ¶¶ 19-21 (Original Complaint); ECF No. 34-2 ¶¶ 32-34 (Proposed Amended Complaint). Although Ruh alleges Driver's negligence was the immediate cause of the accident, *e.g.,* ECF No. 1-1 ¶ 21, her Original Complaint sought to impose liability on Defendants Metal Recycling Services, LLC ("MRS") and Nucor Corporation ("Nucor") (collectively "Defendants") based on allegations Defendants were liable for the actions of Trucking Company and driver because they knew or should have known of adverse information regarding Trucking Company's safety record. *Id.* ¶¶ 23-27, 29. Thus, Ruh's original claim against MRS and Nucor depended on a theory one or both were negligent in failing to exercise care in contracting with Trucking Company to ship goods.

    By Order entered January 30, 2020, the court granted Defendants' separate motions to dismiss. ECF No. 32. It did so because the Original Complaint failed to allege facts that would support imposition of liability (1) based on an employment or similar relationship or (2) under the limited circumstance in which South Carolina law imposes liability on a contracting party for

actions of an independent contractor. *Id.* at 6-13 (Discussion § I.B.). The court allowed Ruh to move to amend within a specified period. *Id.* at 14 (Discussion § III).

The matter is now before the court on Ruh's motion to amend. ECF No. 34. Both MRS and Nucor filed opposition memoranda. ECF Nos. 35, 36. Ruh did not file a reply. For reasons set forth below, the motion to amend is denied and the matter is dismissed with prejudice.

## PROPOSED AMENDED COMPLAINT

Though the caption on the Proposed Amended Complaint lists only MRS and Nucor as Defendants, the body identifies a third Defendant, David J. Joseph Company ("DJJ"). *E.g.*, ECF No. 34-2 ¶ 3. Ruh alleges DJJ serves as a freight or property broker and that *either MRS or DJJ* was responsible for hiring Trucking Company for the shipment at issue. ECF No. 34-2 ¶¶ 3, 11-13, 23 (alleging "MRS and/or DJJ hired [Trucking Company]"), 25 (alleging "Nucor's counsel . . . admitted that Defendant DJJ acted as a broker in the load at issue").

**First Cause of Action: Negligent Selection.** Ruh's first cause of action is asserted against "MRS, Nucor and/or DJJ" and seeks relief for "NEGLIGENT SELECTION OF AN INCOMPETENT OR UNFIT MOTOR CARRIER." *Id.* at 6. While allegations within this cause of action include that Nucor "knew or should have known" Trucking Company was not fit to transport goods, and had a "duty to select a competent and fit motor carrier," Ruh's preceding factual allegations do not allege Nucor hired or was involved in hiring Trucking Company. *E.g. id.* ¶¶ 38, 40. The first cause of action also includes conclusory allegations MRS, DJJ, and Nucor acted collectively in contracting with or hiring Trucking Company. *E.g., id.* ¶ 68 ("Upon information and belief, MRS, DJJ and Nucor acted individually and collectively to enter into a contract for the transportation of MRS's scrap metal to its parent company"); *id.* ¶ 71 (MRS,

2

Nucor, and/or DJJ, acting individually and jointly . . . breached the duty of care which it [sic] owed to the motoring public, including Plaintiff . . . by hiring and/or retaining [Trucking Company] when MRS either knew or should have known that said carrier posed a risk of harm to others").

**Second Cause of Action: Statutory Employment.** Ruh's second cause of action is asserted solely against MRS and seeks relief based on a theory of "STATUTORY EMPLOYMENT/PRIVATE MOTOR CARRIER." *Id.* at 14. Ruh alleges MRS is liable for Driver's actions because he was "operating a tractor-trailer under the authority and dispatch of Defendant MRS transporting scrap metal owned by MRS." *Id.* ¶ 76. Citing federal regulations, Ruh alleges MRS was the "statutory employer of [Trucking Company] and [Driver], making MRS vicariously liable for the wrongful acts of [both]." *Id.* ¶ 80. She, nonetheless, reaffirms that MRS's relationship with Trucking Company and Driver resulted from MRS hiring "[Trucking Company] to haul loads of scrap metal[.]" *Id.* ¶ 78.

**Third Cause of Action: Agency.** Ruh's third cause of action is also asserted solely against MRS. *Id.* at 14. Under this cause of action, Ruh alleges MRS is liable for Trucking Company and Driver's actions because "MRS placed [Trucking Company and Driver] in a position that persons of ordinary prudence would be led to believe that [Trucking Company and Driver] were acting as agents of MRS.". *Id.* ¶¶ 82-89. Ruh alleges Driver's signature on a bill of lading "indicat[es] that he was the rightful owner of, or entitled to sell the scrap metal." *Id.* ¶ 85. Based on this indication of ownership, she alleges Driver held "himself out to the public and Nucor as an agent of MRS[.]" *Id.* Ruh further alleges "Nucor, and others, relied on this apparent or actual agency to their detriment." *Id.* ¶ 86. Ruh concludes MRS "as principal of [Trucking Company] and/or [Driver] is liable for the negligent and reckless acts or omissions of [both,]" thus making

3

MRS liable for injuries Ruh sustained in the motor vehicle accident caused by Driver. *Id.* ¶¶ 87, 88.

**STANDARD**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied where the district court, in the exercise of its discretion, finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" or other grounds. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if the claim would not survive a motion to dismiss. *Burns v. AAF-McQuay, Inc.*, 166 F.3d 292, 294-95 (4th Cir. 1999) (affirming denial of motion to amend based on futility).

**DISCUSSION**

I.  **First Cause of Action: Negligent Selection of Incompetent or Unfit Motor Carrier**

Ruh's first cause of action is futile for reasons addressed in the order dismissing her Original Complaint. ECF No. 32, Discussion § I.B.. While the single claim in that complaint spoke in terms of negligent hiring, the court found it failed even if characterized as a claim for negligent selection of an independent contractor. *Id.* at 8-13. As explained in that order, as a general rule, South Carolina does not impose liability on a contracting party for actions of an independent contractor and Ruh had not alleged any circumstances that would avoid the general rule of non-liability. *Id.* at 11-13.

Neither the Proposed Amended Complaint nor Ruh's arguments in support of her motion to amend suggest any new allegations that would avoid this general rule. Instead of pointing to

new allegations differentiating the proposed first cause of action from the single claim in the Original Complaint, Ruh cites multiple decisions within the Fourth Circuit that have allowed a claim for negligent selection of an independent contractor. This is, in essence, an improper argument for reconsideration of the order dismissing the Original Complaint as argued by Defendants. *See* ECF No. 35 at 4, 5; ECF No. 36 at 7-10. Even if properly presented, the argument would fail because the decisions on which Ruh relies do not address South Carolina law. Thus, they fail to suggest error in the court's prior analysis.

Accordingly, Ruh's motion to amend is denied as to her proposed first cause of action. As this is the only claim that names Nucor or DJJ as Defendants, the court need not consider other grounds for denial of the motion to amend as to these entities. *See, e.g.*, ECF No. 36 at 13, 14 (arguing motion was unduly delayed and in bad faith as to DJJ); ECF No. 36-1 (declaration of counsel explaining email on which Ruh relies for allegation DJJ may have acted as a "broker" referred to DJJ's brokerage of the scrap metal, not brokerage of shipping services).

**II.     Second Cause of Action:  Statutory Employment**

The second cause of action seeks to assert a claim against MRS based on a theory Trucking Company or Driver were statutory employees of MRS, which "was acting . . . as a private motor carrier in the transaction and transportation at issue[.]" ECF No. 34-2 ¶ 75; *see also id.* ¶ 80 ("Pursuant to 49 CFR § 390.5, MRS is the statutory employer of [Trucking Company and Driver], making MRS vicariously liable"). Beyond conclusory allegations, Ruh offers nothing to support an inference MRS was acting as the motor carrier as opposed to as a shipper with respect to the shipment at issue. To the contrary, under the same cause of action (as elsewhere) she alleges "MRS . . . hired [Trucking Company] to haul loads of its scrap metal[.]" *Id.* ¶ 78. As the court

concluded in the prior dismissal order (addressing the same underlying premise), the non-conclusory factual allegations support only an inference MRS was acting as a shipper. ECF No. 32 at 7, 8 (citing, *e.g. Harris v. FedEx Nat. LTL*, 760 F.3d 780 (8th Cir. 2014). The motion to amend is, therefore, denied as to the second cause of action based on futility.

### III.   Third Cause of Action:  Agency

Ruh's proposed third cause of action seeks recovery based on allegations Driver became MRS's apparent agent because (1) Driver signed an MRS bill of lading, (2) the signature evidenced an agency relationship, and (3) Nucor and (unidentified) others relied on that evidence of agency (for unknown purposes). For present purposes, the court will assume without deciding that these allegations would support imposition of liability on MRS in favor of any person who relied on the bill of lading as a representation of Driver's authority to take action relating to the load. *See Graves v. Serbin Farm*, 409 S.E.2d 769, 771 (S.C. 1991) (elements for claim based on apparent agency). Ruh does not, however, allege she was aware of the Driver's signature on the bill of lading or changed her position in reliance on a belief Driver was acting as MRS's agent. To the contrary, she seeks relief for injuries arising from a motor vehicle accident based on the *driver's negligence* rather than *her own reliance* on his perceived authority to act for MRS. Under these circumstances, the apparent agency claim has no application to the injury for which Ruh seeks relief. The third cause of action is, therefore, futile.

## CONCLUSION

For reasons set forth above, Ruh's motion to amend is denied because all of her proposed claims are futile. Because Ruh has failed to proffer (or suggest) any viable cause of action despite a second opportunity to do so, dismissal is with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 19, 2020